IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | CRIMINAL NO. H-03-0256 |
| | § | |
| JUAN CARLOS MENDEZ-LEMOS | § | (Civil Action No. H-05-1710) |
| | § | |

# MEMORANDUM AND ORDER

The defendant, Juan Carlos Mendez-Lemos, has filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. (Criminal Docket No. 34). The Court has carefully reviewed all pertinent matters in this criminal case. Based on this review, the Court's clear recollection of the relevant proceedings, and the application of governing legal authorities, the Court concludes that the motion must be denied for reasons set forth below.

## I.    BACKGROUND

On July 9, 2003, a federal grand jury in this district returned a one-count indictment against Mendez-Lopez, charging him with illegal reentry to the United States following removal for having been convicted of an aggravated felony in violation of 8 U.S.C. §§ 1326(a), 1326(b)(2). Mendez-Lemos pleaded guilty to that charge on September 2, 2003, without a written plea agreement. Based on the presentence report (the "PSR") prepared by the Probation Office, the Court sentenced Mendez-Lemos on December 10, 2003, to serve 70 months of imprisonment followed by a 3-year term of supervised release.

Mendez-Lemos filed an appeal, challenging the constitutionality of his conviction under *Almendarez-Torres v. United States*, 523 U.S. 224 (1998) and *Apprendi v. New Jersey*, 530 U.S. 466 (2000).  The United States Court of Appeals for the Fifth Circuit affirmed the conviction.  *See United States v. Mendez-Lemos*, No. 03-21221 (5th Cir. June 23, 2004).  Subsequently, on November 1, 2004, the United States Supreme Court denied the petition for a writ of certiorari filed by Mendez-Lemos.

Mendez-Lemos filed his motion for relief under 28 U.S.C. § 2255 on May 9, 2005.  Mendez-Lemos argues that he is entitled to relief under *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004), pursuant to the recent decision in *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), on the grounds that the Sentencing Guidelines are unconstitutional.  For reasons discussed more fully below, Mendez-Lemos is not entitled to relief under 28 U.S.C. § 2255.

## II.   STANDARD FOR SECTION 2255 MOTIONS

To obtain collateral relief pursuant to 28 U.S.C. § 2255, a petitioner "must clear a significantly higher hurdle" than the standard that would exist on direct appeal.  *United States v. Frady*, 456 U.S. 152, 166 (1982).  When a defendant has been convicted and his conviction has been upheld on direct appeal, there is a presumption that the defendant's conviction is fair and final.  *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998).  "As a result, review of convictions under section 2255 ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on

collateral review without a showing of cause and prejudice." *Id.*; *see also United States v. Williamson*, 183 F.3d 458, 462 (5th Cir. 1999).

The defendant proceeds *pro se* in this case. Courts construe pleadings filed by *pro se* litigants under a less stringent standard than those drafted by attorneys. *See Haines v. Kerner*, 404 U.S. 519 (1972); *Bledsue v. Johnson*, 188 F.3d 250, 255 (5th Cir. 1999). Pleadings filed by a *pro se* litigant are entitled to a liberal construction that affords all reasonable inferences which can be drawn from them. *See Haines*, 404 U.S. at 521; *see also United States v. Pena*, 122 F.3d 3, 4 (5th Cir. 1997) (citing *Nerren v. Livingston Police Dept.*, 84 F.3d 469, 473 & n.16 (5th Cir. 1996)).

## III.   <u>DISCUSSION</u>

The defendant argues that he is entitled to relief under 28 U.S.C. § 2255 because the Sentencing Guidelines were applied to him in an unconstitutional manner. In support of this claim, the defendant relies *United States v. Booker*, — U.S. —, 125 S. Ct. 738 (2005), for the proposition that he is entitled to relief under *Blakely v. Washington*, — U.S. —, 124 S. Ct. 2531 (2004). Because *Booker* was decided after the defendant's conviction became final, his claim depends on whether the rule advanced in this decision is retroactive to collateral review.

In *Blakely*, the Supreme Court invalidated an exceptional sentence imposed under the sentencing regime in place in the State of Washington. In doing so, the Supreme Court applied the rule in *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000), which requires that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime

beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." The Supreme Court later extended this ruling on January 12, 2005, in *United States v. Booker*, — U.S. —, 125 S. Ct. 738, 749 (2005), after finding "no distinction of constitutional significance between the Federal Sentencing Guidelines" and the state sentencing scheme at issue in *Blakely*. The Supreme Court held that the mandatory character of the Sentencing Guidelines was incompatible with the Sixth Amendment right to a jury trial. *Id.*, 125 S. Ct. at 749-50. Thus, as it did in *Blakely*, the Court in *Booker* extended the holding in *Apprendi* with the following modification: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Id.*, 125 S. Ct. at 756.

To the extent that *Blakely* and *Booker* represent a new rule, the retroactivity doctrine announced in *Teague v. Lane*, 489 U.S. 288 (1989), bars relief on collateral review to cases that have become final before the new rule is announced. An inquiry under *Teague* requires three steps. First, the reviewing court must determine the date on which the defendant's conviction became final. *See Beard v. Banks*, — U.S. —, 124 S. Ct. 2504, 2510 (2004). Next, the court must review the "legal landscape as it then existed," and determine "whether the Constitution, as interpreted by the precedent then existing, compels the rule." *Id.* (citations and quotations omitted). If not, then the rule is new. *See id.* If the rule is determined to be new, then the final step in the *Teague* analysis requires a court to determine

whether the rule nonetheless falls within one of two narrow exceptions to the *Teague* doctrine. *See id.*

The defendant's conviction became final in this case on November 1, 2004, when the Supreme Court denied his petition for a writ of certiorari, before *Booker* was decided on January 12, 2005. The question turns to whether the rule in *Booker* that the defendant now seeks to enforce is new. To make this determination, a reviewing court must ascertain whether the rule was "dictated by then-existing precedent" such that it would have been "apparent to all reasonable jurists." *Beard*, 124 S. Ct. at 2511 (quoting *Lambrix v. Singletary*, 520 U.S. 518, 527-28 (1997)). A review of the legal landscape in place at the time the defendant was sentenced demonstrates that the rule in *Booker*, which applies the holding in *Blakely* to the Sentencing Guidelines, is clearly new.

Although *Blakely* rests on *Apprendi*, which holds that all facts used to increase a sentence beyond the statutory maximum must be charged and proven to a jury, *Blakely* advanced a new understanding of "statutory maximum" for purposes of imposing sentence: "[T]he relevant 'statutory maximum' is not the maximum sentence a judge may impose after finding additional facts, but the maximum he may impose *without* any additional findings." *Blakely*, 124 S. Ct. at 2537 (emphasis in original). Before *Blakely*, every federal circuit court of appeals had held that *Apprendi* did not apply to Sentencing Guideline calculations based on judicial fact findings, so long as the sentence was imposed within the statutory maximum

as determined by the United States Code.[1]  By contrast, the statutory maximum under *Blakely* "is the maximum sentence a judge may impose *solely on the basis of facts reflected in the jury verdict or admitted by the defendant.*"  124 S. Ct. at 2537 (emphasis in original).  After *Blakely* was decided, courts were divided about whether its holding applied to the Sentencing Guidelines.[2]  This question was resolved on January 12, 2005, when the Supreme Court decided *Booker*, and held that the rule in *Blakely* applied to the Sentencing Guidelines. Thus, the rule that the defendant would have this Court apply was not dictated or compelled by precedent, meaning that it is a new rule of the type barred from retroactive application by *Teague*.[3]

---

[1]    *See, e.g., United States v. Hughes*, 369 F.3d 941, 947 (6th Cir. 2004); *United States v. Francis*, 367 F.3d 805, 820 (8th Cir. 2004); *United States v. Jardine*, 364 F.3d 1200, 1209 (10th Cir. 2004); *United States v. Alvarez*, 358 F.3d 1194, 1211-12 (9th Cir. 2004); *United States v. Phillips*, 349 F.3d 138, 143 (3rd Cir. 2003): *United States v. Patterson*, 348 F.3d 218, 228-29 (7th Cir. 2003); *United States v. Randle*, 304 F.3d 373, 378 (5th Cir. 2002); *United States v. Sanchez*, 269 F.3d 1250, 1268 (11th Cir. 2001); *United States v. Webb*, 255 F.3d 890, 898 (D.C. Cir. 2001); *United States v. Angle*, 254 F.3d 514, 518 (4th Cir. 2001); *United States v. Caba*, 241 F.3d 98, 100 (1st Cir. 2001); *United States v. Garcia*, 240 F.3d 180, 183-84 (2d Cir. 2001).

[2]    The Fifth Circuit initially held that *Blakely* did not affect the Sentencing Guidelines at all. *United States v. Pineiro*, 377 F.3d 464, 465-73 (5th Cir. 2004). The Second, Fourth, Sixth, and Eleventh Circuits also reached that conclusion. *See United States v. Mincey*, 380 F.3d 102 (2d Cir. 2004); *United States v. Hammoud*, 378 F.3d 436 (4th Cir. 2004) (en banc); *United States v. Koch*, 383 F.3d 436 (6th Cir. 2004) (en banc); and *United States v. Reese*, 382 F.3d 1308, 1310 (11th Cir. 2004).

[3]    Every circuit court of appeals to address the issue so far has agreed that the rule in *Blakely*, as extended by *Booker*, is new for purposes of a *Teague* analysis. *See McReynolds v. United States*, 397 F.3d 479, 480 (7th Cir. 2005) (recognizing, implicitly, that the rule in *Booker* is new); *Humphress v. United States*, 398 F.3d 855, 861 (6th Cir. 2005) ("The *Booker* rule is clearly new."); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (same); *United States v. Price*, 400 F.3d 844, 848 (10th Cir. 2005) (holding that *Blakely* "announced a new (continued...)

Once a rule is determined to be new, the final prong of a *Teague* enquiry asks whether the new rule fits within an exception to the retroactivity doctrine.  For example, the *Teague* doctrine does not apply to substantive rules, which include "decisions that narrow the scope of a criminal statute by interpreting its terms," as well as "constitutional determinations that place particular conduct or persons covered by the statute beyond the State's power to punish."  *Schriro v. Summerlin*, — U.S. —, 124 S. Ct. 2519, 2522-23 (2004) (internal citations and quotations omitted).  Substantive rules of this sort "apply retroactively because they 'necessarily carry a significant risk that a defendant stands convicted of "an act that the law does not make criminal"' or faces a punishment that the law cannot impose upon him." *Id.* (citation and quotation omitted).  The *Blakely* rule that was extended in *Booker*, which involves only the manner in which a defendant's sentence is determined, does not qualify as substantive under this standard, meaning that it is a procedural rule subject to the *Teague* doctrine of non-retroactivity.  *See id.* 124 S. Ct. at 2523 (explaining that "rules that regulate only the *manner of determining* the defendant's culpability are procedural").

With respect to procedural rules, an exception to the *Teague* doctrine exists if the new rule requires the observance of procedures that are "implicit in the concept of ordered liberty."  489 U.S. at 307.  However, this exception is reserved for the "small set of

---

[3](...continued)
      rule").  *See also Carmona v. United States*, 390 F.3d 200 (2d Cir. 2004) (concluding that the rule in *Blakely* is a new rule not retroactive in the context of a successive § 2255 motion); *Simpson v. United States*, 376 F.3d 679 (7th Cir.  2004) (same); *In re Dean*, 375 F.3d 1287 (11th Cir. 2004) (same); *In re Anderson*, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (same); *In re Elwood*, — F.3d —, 2005 WL 976998, *2 (5th Cir. 2005) (same).

'watershed rules of criminal procedure' implicating the fundamental fairness and accuracy of the criminal proceeding." *Summerlin*, 124 S. Ct. at 2523 (citing *Saffle v. Parks*, 494 U.S. 484, 495 (1990) (quoting *Teague*, 489 U.S. at 311)).  To fit within this exception, a new rule must meet two requirements: (1) infringement of the rule must "seriously diminish the likelihood of obtaining an accurate conviction," and (2) the rule must "alter our understanding of the *bedrock procedural elements* essential to the fairness of a proceeding." *Tyler v. Cain*, 533 U.S. 656, 665 (2001) (citing *Sawyer v. Smith*, 497 U.S. 227, 242 (1990) (quoting *Teague*, 489 U.S. at 311)) (emphasis in original, citations and internal quotations omitted).  An example of a watershed rule which might fit squarely within the second *Teague* exception is the rule in *Gideon v. Wainwright*, 372 U.S. 335 (1963), which established the affirmative right to counsel in all felony cases.  *See Beard*, 124 S. Ct. at 2513-14 (commenting that the Supreme Court has yet to find a new rule which fits within the "watershed" category, but that the holding in *Gideon* "might" be such a rule).

The Supreme Court has already answered negatively the question whether judicial fact finding during capital sentencing so seriously diminishes accuracy as to constitute an impermissibly large risk of injustice.  *See Summerlin*, 124 S. Ct. at 2525 (holding that the decision in *Ring v. Arizona*, 536 U.S. 584 (2002), which invalidated judicial fact finding in death penalty cases under the rule announced in *Apprendi*, was a procedural rule not retroactive on collateral review).  It follows that the rule in *Blakely* fails to fit within the exception to *Teague*, and that it is not retroactive to cases on collateral review.  *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) ("We conclude, therefore, that *Blakely*

did not announce a watershed rule of criminal procedure that would apply retroactively to initial § 2255 motions.").

More importantly, the holding in *Booker* plainly applies only to "cases on direct review" and is not retroactive to a collateral challenge of the sort raised by the defendant. *Booker*, 125 S. Ct. at 769.  Every circuit court of appeals to address this question has agreed that *Booker* is not applicable to collateral challenges filed under 28 U.S.C. § 2255.  *See McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) ("We conclude . . . that *Booker* does not apply retroactively to criminal cases that became final before its release on Jan. 12, 2005."); *Humphress v. United States*, 398 F.3d 855, 856 (6th Cir. 2005) (rejecting an initial § 2255 motion and holding that *Booker* does not apply retroactively to cases already final on direct review); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) ("*Booker*'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to § 2255 cases on collateral review.").  Because his *Booker* claim is barred by *Teague*, the defendant is not entitled to relief on this issue under 28 U.S.C. § 2255.

## IV.   CERTIFICATE OF APPEALABILITY

The defendant's § 2255 motion is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, codified as amended at 28 U.S.C. § 2253.  Thus, a certificate of appealability is required before an appeal may proceed.  *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir.) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability), *cert. denied*

*sub nom. Monroe v. Johnson*, 522 U.S. 1003 (1997).  "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals . . . .'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Tennard v. Dretke*, — U.S. —, 124 S. Ct. 2562, 2569 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El*, 537 U.S. at 336.  Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling."  *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument.  *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000).  For all the reasons set forth above, the Court concludes that jurists of reason would not

debate whether the movant has stated a valid claim, or whether any procedural ruling in this case was correct.  Accordingly, a certificate of appealability will not issue.

## V.   CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the defendant is not entitled to the relief that he seeks and **ORDERS** as follows:

1.   The defendant's § 2255 motion (Criminal Docket No. 34) is **DENIED** and the corresponding civil action (H-05-1710) is **DISMISSED** with prejudice.

2.   A certificate of appealability is **DENIED**.

3.   A separate final judgment will issue.

The Clerk shall provide a copy of this order to the parties.

SIGNED at Houston, Texas, on **May 17, 2005**.

Nancy F. Atlas
United States District Judge